UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DANIEL A. SAMPSON,

Petitioner,

v.

RICHARD L. STIFF, Warden

Respondent.

Civil No. 00-17:4 (ADM/ESS)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Daniel A. Sampson's pro se application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] and motion to proceed in forma pauperis [Docket No. 2]. Petitioner has most recently filed a motion for a temporary restraining order and for a preliminary injunction. [Docket No. 9]. By Order dated this same date, the undersigned dismissed the petition for habeas corpus and denied Petitioner's motion to proceed in forma pauperis. The Court properly addresses the remaining motion for a temporary restraining order and preliminary injunction by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the reasons stated below, it is recommended that the motion for a temporary restraining order and preliminary injunction be denied at this time.

## I. PROCEDURAL HISTORY

At the time of filing his petition for writ of habeas corpus, Petitioner was a federal prisoner confined at the Federal Correctional Institution, Waseca, Minnesota, ("FCI-WASECA"). He was incarcerated following his conviction in the United States District Court, District of Wyoming, on charges of Possession of an Unregistered Firearm in violation of 28 U.S.C. §§ 5861(d) and 5871, and for Possession of a Machine Gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Petitioner's

NOV 1 3 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

petition claimed that the BOP's classification of these offenses as "crimes of violence" was a misapplication of federal law. Petitioner requested that the classification be removed from records contained in his Inmate Central File. If such a classification remained in his records, the Federal Bureau of Prisons, ("BOP"), pursuant to 18 U.S.C. 4042(b), would notify "local authorities" of Petitioner's impending release from prison and inform said authorities that the Petitioner had been convicted of a "crime of violence." Petitioner therefore claimed that the Court should enter an order that would bar the BOP from proceeding with its notification plans. On September 6, 2000, Petitioner subsequently moved the court for a temporary restraining order and preliminary injunction barring notification of local authorities under 18 U.S.C. 4042(b) [Docket No. 9].

The Court has dismissed the petition by Order dated this same date on the grounds that there is no remedy for Petitioner under the federal habeas corpus statutes. Petitioner has been granted time to file a civil action to address his BOP classification. Now remaining before the Court is Petitioner's request for an Order barring the notification of local authorities under 18 U.S.C. 4042(b) prior to his release from FCI-Waseca [Docket No. 9]. According to Government's Response to Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 7] at page one, Petitioner had a projected release date of October 8, 2000, via good conduct credit. Therefore, according to the Court's most current information, Defendant has been released. The Court assumes that the BOP contacted local authorities concerning Petitioner's "crimes of violence" five days prior to Petitioner's release. See 18 U.S.C. § 4042(b). Thus, as the Court examines this file, the relief Petitioner sought is now a moot issue.

**II. DISCUSSION**

As of the present time, the Court does not have a proper pleading challenging Petitioner's inmate classification by the BOP. Further, to the Court's best knowledge Petitioner has been

released from custody, and the notification he sought to delay or prevent with the use of a temporary restraining order and preliminary injunction has already transpired. Defendant's motion [Docket No. 9] was filed only about a month prior to his release, and appears now before the Court as moot because of Petitioner's release. As the relief sought is no longer available, the Court recommends that the motion is denied at this time.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. The motion for a temporary restraining order and preliminary injunction [Docket No. 9] be **denied** at this time with leave to renew in the event Petitioner files a civil action and the motion is still relevant.

Dated: November 13, 2000

E. S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.