UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DANIEL A. SAMPSON,

Petitioner,

v.

RICHARD L. STIFF, Warden

Respondent.

Civil No. 00-1734 (ADM/ESS)

**ORDER**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Daniel A. Sampson's pro se application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] and motion to proceed in forma pauperis [Docket No. 2]. Petitioner has most recently filed a motion for a temporary restraining order and for a preliminary injunction. [Docket No. 9].

Based upon all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's habeas corpus petition [Docket No. 1] shall be summarily dismissed, without prejudice.

2. Petitioner's motion to proceed in forma pauperis in his habeas corpus claim [Docket No. 2] shall be denied without prejudice, with leave to raise the motion again if Petitioner chooses to pursue a civil action.

3. Petitioner is granted leave to file a new pleading in this action, to be entitled "Civil Complaint," which shall comply with the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11.

4. If Petitioner elects to file a Civil Complaint in this action, his new pleading must be accompanied by either (a) the filing fee for bringing a civil action in federal court –

NOV 1 3 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

namely $150, or (b) a new properly completed application for leave to proceed in forma pauperis, together with the unpaid balance of the initial partial fee prescribed by 28 U.S.C. § 1915(b)(1); and

5. If Petitioner has not complied with all of the requirements of this order by December 15, 2000, it will thereafter be recommended that this action be dismissed, without prejudice, pursuant to Fed. R. Civ. p. 41(b).

Dated November 13, 2000

E. S. SWEARINGEN
United States Magistrate Judge

MEMORANDUM

Petitioner commenced the present action by filing a petition for writ of habeas corpus on July 24, 2000 [Docket No. 1]. His pleading was accompanied by a fully completed application to proceed in forma pauperis, ("IFP"), in which he requested permission to proceed with no prepayment of fees [Docket No. 2].

At the time of filing, Petitioner was a federal prisoner confined at the Federal Correctional Institution, Waseca, Minnesota, ("FCI-WASECA"). He was incarcerated following his conviction in the United States District Court, District of Wyoming, on charges of Possession of an Unregistered Firearm in violation of 28 U.S.C. §§ 5861(d) and 5871, and for Possession of a Machine Gun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). Petitioner's instant petition claims that the BOP's classification of these offenses as "crimes of violence" was a misapplication of federal law. Petitioner requested that the classification be removed from records contained in his Inmate Central File. If such a classification remained in his records, the Federal Bureau of Prisons,

("BOP"), pursuant to 18 U.S.C. 4042(b), would notify "local authorities" of Petitioner's impending release from prison and inform said authorities that the Petitioner had been convicted of a "crime of violence." Petitioner therefore claimed that the Court should enter an order that would bar the BOP from proceeding with its notification plans. On September 6, 2000, Petitioner subsequently moved the court for a temporary restraining order and preliminary injunction barring notification of local authorities under 18 U.S.C. 4042(b) [Docket No. 9].

Although petitioner has attempted to bring this action under a federal habeas corpus statute, (28 U.S.C. 2241), it is readily apparent that the relief he is actually seeking is not available in a habeas proceeding. Habeas corpus is a remedy that is available when a prisoner is challenging the fact or duration of his confinement. See Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). In this case, Petitioner is not challenging the propriety of his conviction or sentence, nor is he challenging the duration of his incarceration. The relief that petitioner is requesting– an order preventing the BOP from notifying local authorities of his impending release from prison– has no direct bearing on either the validity of his underlying conviction or on the proper duration of his sentence. Our Court of Appeals has clearly explained that:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.] . . . Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Therefore, the federal habeas corpus statutes, under which Petitioner is attempting to proceed, do not provide a remedy for the

relief petitioner is seeking here.

The Third Circuit Court of Appeals has expressly recognized that habeas corpus is not an available remedy for the type of claim Petitioner is bringing here. In Royce v. Hahn, 151 F.3d 116, 118 (3rd Cir. 1998), the Court noted that:

> The pro se [habeas corpus] petition here challenges application of § 4042(b)'s notification requirement , but not the fact or duration of his confinement. . . [citing Preiser, 411 U.S. at 484-85.][Therefore], [i]nsofar as the district court found that it did not have subject matter jurisdiction under traditional § 28 U.S.C. 2241 analysis, the ruling [dismissing the petition] was correct."

Id. at 118.[1]

Because Petitioner is not challenging the validity of his conviction or the length of his sentence, he has not stated a viable claim for habeas corpus relief. According to Kruger, habeas corpus is not an available remedy for Petitioner's present claim for relief, and thus the instant habeas corpus petition cannot be entertained by this Court.

This is not to say that there are no legal remedies of any kind for this claim that Petitioner is attempting to assert. If he believes that the BOP has violated his rights under federal law or the Constitution, he may still be entitled to some equitable relief in a tradition civil action – i.e. a non-habeas action. See Royce, 151 F.3d at 118. Under certain circumstances, it might even be possible to construe a habeas corpus petition as a civil complaint seeking some other form of relief. See id.; see also Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991). It would not be appropriate to do so here, however, for two reasons.

---

[1] The Royce Court further determined that although the petitioner's pleading could not be entertained as a habeas corpus petition, it should have been construed as a civil complaint, or, in the alternative, the petitioner should have been granted leave to replead. Royce, 151 F.3d at 118. In this case, the Court has chosen to follow the latter alternative, for reasons discussed below.

First, Petitioner has not paid the proper filing fee for a non-habeas civil action. While the filing fee for an application seeking habeas corpus relief is only $5.00, the filing fee for all other civil actions is $150.00. 28 U.S.C. § 1914(a). Petitioner cannot be excused from paying the proper filing fee merely by calling his pleading a habeas corpus petition, when, in fact, he is seeking relief that is not available in a habeas corpus proceeding. To rule otherwise would allow prisoner litigants to avoid paying the full $150.00 filing fee in all civil actions. A prisoner could simply label his pleading as a habeas corpus petition, pay the $5.00 habeas fee, and wait for the Court to construe the "petition" as an application for some other (non-habeas) relief. The filing fee requirements prescribed by Congress cannot be so easily circumvented.

Petitioner may be able to avoid prepaying the entire unpaid balance of the filing fee, if he applies for, and is granted, leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. Even if he is granted IFP status, however, he will still have to satisfy the initial partial filing fee requirements prescribed by § 1915(b)(2). Although Petitioner filed an application for IFP status several months ago, this Court deems it best that Petitioner should file a new application in the case he files a civil complaint, particularly given that his circumstances may be changed and that he may have been released from FCI-Waseca via good conduct credit.[2]

In addition, it is not clear that the respondent named in the current habeas corpus petition– the Warden at FCI Waseca– would necessarily be the proper defendant in any civil action that petitioner might attempt to maintain. The Warden was a proper respondent for habeas corpus purposes, because he was Petitioner's present custodian. However, the Warden may not be the proper party to provide the relief that petitioner is actually seeking in this action. It is not presently

[2] The Court was previously informed that Petitioner had a projected release of October 8, 2000. The file in this matter contains no information as to whether release has now transpired.

clear whether the Warden is the party who is responsible for resolving the notification requirements imposed by 18 U.S.C. § 4042(b), and it is therefore not clear whether the Warden would be the proper defendant in a non-habeas civil action.

Thus, the Court concludes that it would not be appropriate to attempt to "convert" the present habeas corpus petition into a civil complaint. Instead, the petition will be dismissed, and Petitioner will be granted leave to file an entirely new pleading, to be entitled "Civil Complaint." If he elects to file such a Complaint, he will have to follow the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11.

Petitioner will also be required to pay the filing fee due for a non-habeas civil action–namely $150. In the alternative, he may seek leave to proceed IFP. If he decides to apply for IFP status, he will have to (a) properly complete the IFP application form prescribed for use in this district, (including the "Certificate" section), and (b) tender the proper amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1).

If Petitioner elects to proceed with this action, he must satisfy the foregoing requirements by no later than December 15, 2000. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Petitioner's motion for a temporary restraining order and preliminary injunction are considered in the Report and Recommendation issued by the undersigned this same date.

E.S.S.